Mr. Justice Thacher,
delivered the opinion of the court.
On the 9th day of May, 1842, of the Jasper county circuit court, the plaintiff entered his motion against the defendant, as sheriff, for judgment for the amount of an execution, for voluntarily, and without authority, omitting to make the money upon a phtries writ of fieri facias, issued out of said court, and placed in his hands on the 27th day of February, 1841. The writ was returnable to the May term, 1841, of said court. It then bore the following return, “ By virtue of this writ to me directed, I have levied on one sorrel horse, and one sorrel mare, as the property of Thomas P. Wiatt, this April 6, 1841. The above named property was not sold according to advertisement, on account of its being taken out of tjie possession of Jesse Hyde, by some person unknown,” &c. Upon the sheriff’s motion, at the May term, 1842, he was permitted by the court to amend his return, which he did by adding to the original return that of nulla bona. Evidence was then introduced to prove the facts of the returns, and the plaintiff’s motion was overruled. Bills of exceptions were taken, and by writ of error the cause is brought into this court.
It was determined by this court in Dorsey v. Pierce, et al., 5 How. 173, that a sheriff cannot be permitted to amend his return upon an execution, after its return term has elapsed. But this point is not necessarily raised in this cause.
The motion of the plaintiff in this case, was probably based upon that portion of the foi;ty-second section of H. & H. 642, which authorizes a motion against a sheriff who “shall make any other return upon an execution, as will show that such sheriff, &c. hath unlawfully and without authority omitted to levy the same.” The word “ levy,” in law, has a technical meaning, which is to collect the money. Tomlin’s L. D. title Levy. This was not done by the sheriff, in this instance, and is he excused therefor by his own showing? If a sheriff’s return makes out a case of rescue, it is not good in law. 2 Saund. Rep. 71, a. And although the goods be lost out of his possession, it will not amount to an excuse which will exonerate him with the plaintiff in the execution. Clark v. Withers, *387 2 Lord. Raym. R. 1075. Had the sheriff, in this case, given, in his return, the value of property s'eized by him in execution, he would have been answerable to the plaintiff, on the motion to that amount.
The judgment of the court below must be reversed, and the cause remanded, with directions to inquire by a jury the value of the property mentioned in the original return, and to give judgment and award execution against the sheriff, the defendant, in favor of the plaintiff, for the amount thus found. As it does not appear that a demand was made upon the sheriff, the interest directed by the statute in such cases, cannot be added thereunto. H. & H. 296, sec. 25.